# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS BAHAM, et al., | Case No.: 2:19-cv-01125-APG-VCF |
| Plaintiffs | **Order (1) Granting Motion to Dismiss, (2) Denying Motion to Amend, and (3) Granting Motion for Leave to File Supplemental Authority** |
| v. | |
| BAYVIEW LOAN SERVICING, LLC, | [ECF Nos. 4, 7, 19] |
| Defendant | |

Plaintiffs Dennis Baham, Chuck Reineck, and Jeanette Reineck filed a class action complaint against defendant Bayview Loan Servicing, LLC (Bayview) under the Fair Debt Collection Practices Act (FDCPA). The plaintiffs allege that Bayview collected debts, specifically mortgage loans secured by real property, without a license issued by the Nevada Department of Business & Industry Financial Institutions Division. According to the complaint, Bayview engaged in activity to collect on mortgages before it became a licensed collection agency in Nevada on January 18, 2019. ECF No. 1. The plaintiffs seek declaratory relief and allege violations of the FDCPA and Nevada Revised Statutes § 649.370.[1]

Bayview moves to dismiss the § 649.370 claim because (1) Chapter 649 does not create a private right of action, (2) the chapter allows Bayview to cure a licensing violation, which it did, and (3) the complaint does not plausibly allege Bayview engaged in debt collection activity as to any of the plaintiffs' mortgages. As to the FDCPA claim, Bayview argues that under controlling authority, attempting to collect a debt without a license is not a per se violation of the FDCPA,

---

[1] Section 649.370 provides that any violation of the FDCPA "shall be deemed to be a violation of this chapter."

1 and the complaint does not plausibly allege any other violation.  Finally, Bayview argues that

2 because the plaintiffs fail to state a substantive claim, their declaratory relief claim also must fail.

3 The plaintiffs respond that unlicensed debt collection activity violates the FDCPA.  They

4 also contend that there is a private right of action under Chapter 649, but to the extent there is

5 not, then the FDCPA claim should still survive.  They contend some remedy must exist, under

6 either federal or state law, to address Bayview's unlicensed debt collection activity.  Although

7 the plaintiffs briefly argue a private right of action exists under state law, they nevertheless seek

8 leave to amend to make clear that their claim arises only under the FDCPA, not Nevada law.

9 After briefing on the motion to dismiss was complete, Bayview moved for leave to file

10 supplemental authority in the form of the Supreme Court of Nevada's decision *Benko v. Quality*

11 *Loan Service Corporation*, 454 P.3d 1263 (Nev. 2019) (en banc).  In *Benko*, the Supreme Court

12 of Nevada held that trustees conducting nonjudicial foreclosures do not need to be licensed under

13 Chapter 649.  Bayview argues that this case shows it was not required to obtain a license in the

14 first place and thus could not have violated either Nevada law or the FDCPA.  The plaintiffs

15 respond that *Benko* is distinguishable because that case involved a trustee conducting a

16 nonjudicial foreclosure sale, but Bayview is not a foreclosure trustee.  Instead, Bayview is a

17 mortgage servicer who directed the trustee to conduct the foreclosure.

18 I grant Bayview's motion to dismiss because the plaintiffs have not plausibly alleged a

19 violation of the FDCPA and because there is no private right of action under Chapter 649.  I

20 deny the plaintiffs' motion to amend because the proposed amended complaint also does not

21 plausibly allege a violation of the FDCPA.  I grant Bayview's motion for leave to file

22 supplemental authority.

23 / / / /

**A. FDCPA**

The Ninth Circuit has held that debt collection practices in violation of a state's licensing law are not per se violations of the FDCPA. *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). That court acknowledged that several district courts had held that it could be a per se violation, including the case on which the plaintiffs here rely. *Id.* at 1100 (citing *Kuhn v. Account Control Tech., Inc.*, 865 F. Supp. 1443 (D. Nev. 1994)). The *Wade* court concluded that the mere fact that the debt collection company was not licensed under state law was not in and of itself an FDCPA violation. *Id.* Instead, it examined the debt collector's communications to determine whether those violated the FDCPA and found no violations. *Id.* at 1099-1100.

The plaintiffs' complaint likewise alleges only that Bayview conducted collection activity in Nevada without a license by sending requests for payment and by initiating foreclosure. But that is all that the complaint alleges. There are no factual allegations that Bayview's communications or conduct otherwise violated the FDCPA. Because the plaintiffs allege only a state law licensing violation, they have failed to allege a violation of the FDCPA. Accordingly, they also have not alleged a basis for declaratory relief under the FDCPA. I therefore grant Bayview's motion to dismiss the FDCPA claim.

I also deny the plaintiffs' motion for leave to amend because the proposed amended complaint contains the same defect as the original complaint in that it asserts only a state law licensing violation. Ordinarily, I would grant leave for the plaintiffs to amend to allege facts that would state an FDCPA claim. However, the plaintiffs were on notice of the defect in their original complaint through Bayview's motion and they did not allege facts in their proposed amended complaint that would show an FDCPA violation. Presumably, if the plaintiffs had such facts, they would have alleged them in the proposed amended complaint. The plaintiffs also do

1 not contend in their opposition or motion to dismiss that additional facts exist.  I therefore

2 dismiss the plaintiffs' FDCPA claim with prejudice.

3     **B.  Nevada Law**

4     I have previously ruled that there is no private right of action under Chapter 649. *Preston*

5 *v. Clark Cty. Collection Serv., LLC*, No. 2:14-CV-00021-APG-PAL, 2014 WL 6882626, at \*3

6 (D. Nev. Dec. 4, 2014).  The plaintiffs have not persuaded me that I should reach a different

7 conclusion in this case.  Although the plaintiffs contend this leaves them without a remedy for

8 unlicensed collection activity, they may file a complaint against Bayview with the Commissioner

9 of Financial Institutions, which Baham did. *See* Nev. Rev. Stat. § 649.385; ECF No. 1 at 7.

10 Remedies include the Commissioner suing to restrain the practices or impose administrative

11 fines, as well as potential criminal liability for the violator. *See* Nev. Rev. Stat. §§ 649.400-.440.

12 Because there is no private right of action under Chapter 649, I dismiss with prejudice the

13 plaintiffs' claim under § 649.370 and any related request for declaratory relief.

14     **C.  Conclusion**

15     I THEREFORE ORDER that defendant Bayview Loan Servicing, LLC's motion for

16 leave to file supplemental authority **(ECF No. 19) is GRANTED**.

17     I FURTHER ORDER that the plaintiffs' motion to amend **(ECF No. 7) is DENIED**.

18     I FURTHER ORDER that defendant Bayview Loan Servicing, LLC's motion to dismiss

19 **(ECF No. 4) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of

20 defendant Bayview Loan Servicing, LLC and against the plaintiffs, and to close this case.

21     DATED this 20th day of March, 2020.

22

23

    ANDREW P. GORDON
    UNITED STATES DISTRICT JUDGE